**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 05-1146**

—————

HARTFORD FIRE INSURANCE COMPANY,

Plaintiff - Appellant,

versus

ADCOR INDUSTRIES, INCORPORATED,

Defendant - Appellee.

—————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Catherine C. Blake, District Judge.  (CA-
04-3669-CCB)

—————

Argued:  September 20, 2005       Decided:  December 14, 2005

—————

Before LUTTIG and GREGORY, Circuit Judges, and Robert J. CONRAD,
Jr., United States District Judge for the Western District of North
Carolina, sitting by designation.

—————

Affirmed by unpublished per curiam opinion.

—————

**ARGUED:** George Edwin Reede, Jr., NILES, BARTON & WILMER, L.L.P.,
Baltimore, Maryland, for Appellant.  Michael John Collins, THOMAS
& LIBOWITZ, P.A., Baltimore, Maryland, for Appellee.  **ON BRIEF:**
Jeanie S. Ismay, NILES, BARTON & WILMER, L.L.P., Baltimore,
Maryland; E. Duncan Getchell, Jr., H. Carter Redd, MCGUIREWOODS,
L.L.P., Richmond, Virginia, for Appellant.

—————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Appellee Adcor Industries was insured under a policy issued by appellant Hartford Fire Insurance Company. J.A. 16-49. On February 18, 2003, a storage facility owned by Adcor collapsed under the weight of an accumulation of ice and snow. Id. at 10, 57. Adcor claimed against its insurance policy for the damage. Id. Hartford and Adcor could not agree on the value of Adcor's claim for business personal property, and, pursuant to the terms of the policy, id. at 32, Adcor demanded an appraisal to resolve the disputed value of its loss, id. at 10, 58.

As required by the policy, each party selected an appraiser, and the appraisers jointly selected an umpire. Id. The appraisers could not agree on a mutually acceptable value and submitted the disagreement to the umpire. Id. at 10-11, 58. The umpire largely sided with Adcor's appraiser, and together they voted to award Adcor $11,217,667. Id. at 50-52. Unhappy with this outcome, Hartford filed a declaratory judgment action in the district court requesting that the court adjust the appraisal award because of alleged "errors of law, erroneous calculations," and improper methodology. Id. at 12. Finding no error in the appraisal award cognizable by a reviewing court, the district court granted Adcor's motion for summary judgment. Id. at 204.

The Maryland Court of Appeals has delineated a narrow set of cases in which courts may set aside appraisal awards:

> When it is sought to set aside an award upon the ground of a mistake committed by arbitrators, it is <u>not sufficient to show that they came to a conclusion of fact erroneously</u>, however clearly it may be demonstrated that the inference drawn by them was wrong. It must be shown that, by some error, they were <u>so misled or deceived that they did not apply the rules which they intended to apply</u> to the decision of the case, so that upon their own theory, a mistake was made which has caused the result to be somewhat different from that which they had reached by their reason and judgment. . . . <u>A mistake which will be sufficient to avoid the award must be one that is plain and palpable</u>, such as an erroneous computation or calculation of the amount, and the like.

Schreiber v. Pacific Coast Fire Ins. Co., 75 A.2d 108, 112 (Md. 1950) (emphasis added); see also Aetna Cas. & Sur. Co. v. Insurance Comm'r, 445 A.2d 14, 20 (Md. 1982) (explaining that Maryland courts "appl[y] arbitration law to appraisal clauses in insurance policies"). Courts may also correct mistaken "concrete propositions of law" announced by appraisers. Schreiber, 75 A.2d at 112; see also High Country Arts & Craft Guild v. Hartford Fire Ins. Co., 126 F.3d 629, 634 (4th Cir. 1997) (holding that an appraiser commits correctable error when he goes beyond valuation and purports to resolve coverage issues under the policy).

In this case, Hartford alleges that the umpire's final appraisal award erroneously included sales taxes, used the wrong quote to value certain raw materials, used a replacement-value measure rather than the actual-cash-value measure required by the policy, and erroneously applied Adcor's appraiser's own methodology to value finished goods. J.A. 10. Hartford claims that these errors caused the appraisers to reach legal, coverage conclusions,

-3-

Appellant's Brief at 16, which this court can correct if erroneous, see Schreiber, 75 A.2d at 112.

To support its allegations of appraisal error, Hartford relied on an affidavit from James J. Kern, an accountant who assisted Hartford's appraiser in the preparation of his appraisal. Because the appraisal awards were unreasoned, i.e., they listed only numbers without providing a basis for those figures, see id. at 93-96, and Kern was not a party to the deliberations of the umpire or Adcor's appraiser, Kern can claim no special insight into how the umpire or Adcor's appraiser calculated his award, what quotes either of them used to arrive at their awards, or even what methodology they applied. The most Kern can do (and all he does) is draw inferences from the numbers appearing on the award sheets. Because of his lack of direct knowledge, Kern's affidavit amounts to little more than a recitation of Hartford's allegations. Id. at 141-43.

Kern's speculative inferences and conclusory assertions are not enough to create a genuine issue of material fact with regard to one of the sorts of appraisal errors Schreiber held to be judicially cognizable. See Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (stating that "[c]onclusory or speculative allegations do not suffice" to avoid summary judgment).

The district court's grant of summary judgment to Adcor is affirmed.

AFFIRMED